Michele R. Stafford, Esq. (SBN 172509)
Jessica N. Melgar, Esq. (SBN 311575)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Parkway, Suite 100
Alameda, CA 94502
Telephone: (510) 906-4710
Email: mstafford@sjlawcorp.com
Email: jmelgar@sjlawcorp.com

Attorneys for Plaintiffs, Operating Engineers'
Health And Welfare Trust Fund for Northern California, et al.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; DAN REDING and JAMES E. MURRAY, Trustees; | Case No. **COMPLAINT** |
| PENSION TRUST FUND FOR OPERATING ENGINEERS; DAN REDING and JAMES E. MURRAY, Trustees; | |
| PENSIONED OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND; DAN REDING and JAMES E. MURRAY, Trustees; | |
| OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS PRE-APPRENTICE, APPRENTICE AND JOURNEYMEN AFFIRMATIVE ACTION TRAINING FUND; DAN REDING and JAMES E. MURRAY, Trustees; and | |
| OPERATING ENGINEERS LOCAL UNION NO. 3 VACATION, HOLIDAY AND SICK PAY TRUST FUND; DAN REDING and JAMES E. MURRAY, Trustees; Plaintiffs, | |
| v. | |
| EURO-TECH CONSTRUCTION & TRUCKING, a California Corporation; and JOHN CHARLES FEELY, individually and fdba EURO-TECH CONSTRUCTION, | |
| Defendants. | |

1

Parties

1.      The Operating Engineers' Health and Welfare Trust Fund for Northern California (which includes the Addiction Recovery Program, Inc.) ("Health Fund"); Pension Trust Fund for Operating Engineers (which includes the Pension Plan for the Pension Trust Fund for Operating Engineers,  and the Operating Engineers Annuity Plan) ("Pension Fund"); Pensioned Operating Engineers' Health and Welfare Trust Fund ("Pensioned Health Fund"); Operating Engineers and Participating Employers Pre-apprentice, Apprentice and Journeymen Affirmative Action Training Fund ("Affirmative Action Training Fund"); and the Operating Engineers Local Union No. 3 Vacation, Holiday and Sick Pay Trust Fund  ("Vacation Fund") are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3), and are multi-employer plans as defined by ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A). The Trust Funds and their fiduciaries are together referred to herein as "ERISA Plaintiffs" or "Plaintiffs." Dan Reding and James E. Murray are Co-Chairmen of the Joint Boards of Trustees of ERISA Plaintiffs with authority to act on behalf of all Trustees.

2.      Euro-Tech Construction & Trucking, Inc., a California corporation, and Joshua Charles Feely, individually and formerly doing business as Euro-Tech Construction, are employers by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2), 29 U.S.C. § 152(2).

Jurisdiction

3.      Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

4.      Jurisdiction exists in this Court over all the claims by virtue of Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that ERISA Plaintiffs seek to enforce the terms and conditions of a valid collective bargaining agreement between Defendants and the Union.

5.      To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they

2

**COMPLAINT**
**Case No.**

1    arise out of a common nucleus of operative facts that form the basis of the federal claims asserted

2    herein, each of which has a substantial ground in federal jurisdiction.

3                                                    Venue

4         6.     Venue is conferred upon this Court by ERISA § 502, 29 U.S.C. § 1132. Where an action

5    is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs'

6    discretion, in the district where the plan is administered, where the breach took place, or where a

7    defendant resides or may be found, and process may be served in any other district where a defendant

8    resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal

9    place of business in Alameda, California. Thus, jurisdiction and venue are properly grounded with this

10   Court.

11        7.     Venue exists in this Court with respect to the claims under LMRA § 301(a), 29 U.S.C. §

12   185, as this Court has jurisdiction over the parties, as the Operating Engineers Local Union No. 3 of the

13   International Union of Operating Engineers, AFL-CIO ("Union") maintains its principal place of

14   business in this district, its duly authorized officers or agents are engaged in representing employee

15   members in this district, and the claims arise in this district.

16                                        Intradistrict Assignment

17        8.     The basis for assignment of this action to this Court's Oakland Division is that all of the

18   events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where ERISA

19   Plaintiffs' Funds and the Bargained Entities are administered, and where Defendants therefore failed to

20   fulfill its statutory and contractual obligations to Plaintiffs.

21                                         Bargaining Agreements

22        9.     Defendant John Charles Feely, individually and doing business as Euro-Tech

23   Construction, entered into the Independent Northern California Construction Agreement (the

24   "Independent Agreement") with the Union, which incorporates the Master Agreement ("Bargaining

25   Agreement") between the Union and the United Contractors, Associated General Contractors of

26   California, Inc., Industrial Contractors UMIC, Inc., and Northern Alliance of Engineering Contractors.

27   Shortly after signing the Independent Agreement, Euro-Tech Construction incorporated, transferring its

28   operations to the newly formed corporate entity, Euro-Tech Construction & Trucking, Inc.  Under the

                                                      3

**COMPLAINT**
**Case No.**

1   terms of the Independent Agreement, John Charles Feely personally guaranteed all amounts claimed

2   herein. Defendant John Charles Feely individually and formerly doing business as Euro-Tech

3   Construction and Defendant Euro-Tech Construction & Trucking Inc. are hereinafter collectively

4   referred to as "Defendants."

5          10.     Under the terms of the Bargaining Agreements, and Trust Agreements incorporated

6   therein, Defendants are required to pay certain contributions to the Operating Engineers' Vacation,

7   Holiday & Sick Pay Trust Fund, Contract Administration Fund; Job Placement Center and Market Area

8   Committee Administration Market Preservation Fund; Construction Industry Force Account Operating

9   Engineers Industry Stabilization Trust Fund; Heavy & Highway Trust Fund, and Business Development

10  Trust Fund (including the California Alliance for Jobs (together referred to herein as "Bargained

11  Entities") and dues to the Union.  Plaintiffs' Boards of Trustees have been authorized to collect and

12  distribute monies due to the Bargained Entities as well as dues due to the Union under the Bargaining

13  Agreements and Trust Agreements.

14         11.     Under the Bargaining Agreement and Trust Agreements, which are incorporated into the

15  Bargaining Agreement and made binding on Defendants, Defendants are required to regularly pay to

16  ERISA Plaintiffs, the Bargained Entities, and the Union, certain sums of money, the amounts of which

17  are determined by the hours worked by Defendant Euro-Tech's employees. Contributions are due on the

18  fifteenth (15th) day of the month following the month in which hours were worked, and are considered

19  delinquent if not received by the twenty-fifth (25th) day of that month. Defendants are also required,

20  pursuant to the Bargaining and Trust Agreements, to pay liquidated damages in the amount of ten

21  percent (10%) for each delinquent contribution, but in the amount of twenty percent (20%) for each

22  delinquent contribution which is the subject of litigation. Moreover, the Bargaining and Trust

23  Agreements provide that interest accrues on delinquent contributions at the rates reasonably set by the

24  Trustees from the date they become delinquent, which is the twenty-sixth (26th) day of the month in

25  which payment was due, until paid in full.

26         12.     The Bargaining and Trust Agreements further require Defendant Euro-Tech to maintain

27  time records or time cards, and to permit an authorized Trust Fund representative to examine such

28  records of Defendant Euro-Tech as are necessary to determine whether Defendants have made full

**COMPLAINT**
**Case No.**

payment of all sums owed to ERISA Plaintiffs. Should an audit of Defendant Euro-Tech records reveal that Euro-Tech has failed to provide full and prompt payment of all sums due to Plaintiffs, Defendants must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

<u>Factual Allegations</u>

13.     Defendants have failed and refused to comply with an audit of its payroll records for the period from July 1, 2015 through the date of inspection.

14.     Defendants have also failed and refused to report and pay contributions due for work performed by Defendants employees during the months of December 2018; January, March, May, November and December 2019; and January through March 2020. Liquidated damages and interest have been incurred and are owed to Plaintiffs for the unpaid contributions for these months.

15.     Plaintiffs are also entitled to recover any and all contributions, and all liquidated damages and interest on delinquent contributions, found due on timecards, audit, or otherwise including estimated contributions for months that Defendants failed to report to Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct a further audit to determine whether there are any additional amounts due from Defendants.

**FIRST CAUSE OF ACTION**
**For Audit Compliance, Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendant**

16.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 15, above.

17.     Defendants have a contractual duty to timely pay the required contributions to Plaintiffs and the Bargained Entities, and to timely pay dues to the Union, pursuant to the Bargaining Agreement and Trust Agreements. Defendants also have a contractual duty under the Bargaining Agreement, and Trust Agreements incorporated therein to permit an audit of its records to determine whether it is making full and prompt payment of all sums required to be paid by it to Plaintiffs, and to pay Plaintiffs all amounts found due as a result of an audit, including audit fees.

18.     In addition, Defendants have a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

**COMPLAINT**
**Case No.**

19.     By refusing to permit an audit of its records and by failing to make the required payments for Defendants' employees during the months of December 2018, and January, March and May 2019 Defendants breached the Bargaining Agreement.

20.     Defendants' failure and refusal to permit the audit and pay the required contributions was at all times, and still is, willful. Defendants continue to breach the Bargaining Agreements, and incorporated Trust Agreements, by failing to permit the audit and pay all amounts owed as alleged. Said refusal is unjustified and done with knowledge and intent.

21.     ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendants are ordered specifically to perform all obligations required on Defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining Agreement and Trust Agreements, and are restrained from continuing to refuse to perform as required thereunder.

22.     This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

23.     This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendants. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendants as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

Prayer

WHEREFORE, Plaintiffs pray as follows:

1.     For an order,

        (a)     requiring that Defendants comply with its obligations to Plaintiffs under the terms of the Bargaining Agreements and Trust Agreements, including permitting an audit of its records as requested by Plaintiffs;

        (b)     enjoining Defendants from violating the terms of those documents and of ERISA; and

**COMPLAINT**
**Case No.**

(c)     enjoining Defendants from disposing of any assets until said terms have been complied with, and from continuation or operating of Defendant's business until said terms have been complied with.

2.     Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreement for all Bargained Entities; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

3.     For a judgment against Defendants as follows:

(a)     Any unpaid contributions, due at time of Judgment, including those specified above as well as any other contributions determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendants fail to report to Plaintiffs, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

    i.     To ERISA Plaintiffs and the Bargained Entities, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreement;

    ii.     To the Union in accordance with the Bargaining Agreement.

(b)     Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c); and

(c)     Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreement, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B).F

4.     That the Court retain jurisdiction of this case pending compliance with its orders.

5.     For such other and further relief as the Court may deem just and proper.

DATED: June 23, 2020                     SALTZMAN & JOHNSON LAW CORPORATION


By: _____/S/_____
Jessica N. Melgar
Attorneys for Operating Engineers' Health And
Welfare Trust Fund for Northern California, et al.

**COMPLAINT**
**Case No.**